a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| WAYNE PARKS #141312,<br>Petitioner | CIVIL DOCKET NO. 5:25-CV-00819<br>SEC P |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| WARDEN,<br>Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 5) filed by pro se Petitioner Wayne Parks ("Parks"). Parks is a pretrial detainee at the Caddo Correctional Center in Shreveport, Louisiana. He seeks his release from custody.

Because Parks failed to exhaust state remedies, his Petition should be DISMISSED WITHOUT PREJUDICE.

I. Background

Parks alleges that he has been detained on unspecified charges since March 15, 2023. He asserts the violation of his constitutional rights, including the right to counsel, right to a speedy trial, and right to due process. ECF No. 5.

II. Law and Analysis

A petitioner may seek habeas relief if he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c). A state pre-trial detainee may seek habeas relief under § 2241 for pre-trial issues such as

1

violations of a state speedy trial act, double jeopardy, or bond conditions. *See Stringer v. Williams*, 161 F.3d 259 (5th Cir. 1998); *Dickerson v. Louisiana*, 816 F.2d 220, 223-24 (5th Cir. 2009). However, a fundamental prerequisite to federal habeas relief is the exhaustion of all claims in state court. *See Picard v. Conner*, 404 U.S. 270, 275 (1971); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 489 (1973); *Dickerson*, 816 F.2d 220, 225 (5th Cir. 1987).

The exhaustion requirement provides a state the opportunity to confront and resolve any constitutional issues arising within its jurisdiction and limits federal interference in the state adjudicatory process. *Id.* A petitioner must "fairly apprise the highest court of his state of the federal rights which were allegedly violated" and do so "in a procedurally correct manner." *Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993).

Parks alleges that he filed a pro se motion to quash. ECF No. 5. To properly exhaust, Parks must first file a habeas petition in the trial court; then seek discretionary review in the Louisiana Second Circuit Court of Appeal; and finally, seek review in the Louisiana Supreme Court. *See Wilson v. Foti*, 832 F.2d 891, 893 (5th Cir. 1987); *Prudhomme v. Iowa Police Dep't*, 07-CV-0745, 2007 WL 2702183, at *3 (W.D. La. Aug. 22, 2007); La. C. Cr. P. art. 351. Only then may he seek habeas relief in this Court.

### III.   Conclusion

Because Parks has not exhausted his claims in state court, IT IS RECOMMENDED that the Petition (ECF Nos. 1, 5) be DISMISSED WITHOUT PREJUDICE.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Thursday, November 20, 2025.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE